**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **KENDRICK BUTLER,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| **v.** ) | Civil Case No. 3:13-cv-01270-SMY-PMF |
| ) | |
| **RICK HARRINGTON, et al.,** ) | |
| ) | |
|     **Defendants.** ) | |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Before the Court is defendant Bryan Carter's motion to dismiss (Doc. No. 65). Plaintiff Kendrick Butler is proceeding against Carter on a § 1983 claim, challenging the conditions of his confinement at the Marion County Jail. In Count 2, Butler alleges that, in December, 2010, or January, 2011, Carter and others applied excessive force in violation of the Eighth Amendment's proscription against cruel and unusual punishment. Carter seeks dismissal of the claim against him on the ground that Butler did not bring his claim within the applicable 2-year limitations period for § 1983 actions. In response, Butler admits that his pleading – filed on March 20, 2014 – was late. He opposes the motion to dismiss on the basis that he is not responsible for the delay in filing a pleading against Carter (Doc. No. 66).

A federal complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a). In approaching a motion to dismiss, the allegations are viewed in a light favorable to the plaintiff, accepting well-pleaded facts as true and drawing all possible inferences in his or her favor. *Hecker v. Deere & Co.*, 556 F.3d 575 (7th Cir. 2009). A plaintiff who pleads facts showing that he has no viable claim may plead himself out of court. *McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

Carter argues that Butler pleaded himself out of court because his allegations show that his claim accrued, at the latest, in January of 2011, and that the Amended Complaint signed on March 19 and filed on March 20, 2014, is barred by the applicable statute of limitations. Section 1983 claims are subject to the statute of limitations for personal injury actions in the state in which the alleged injury occurred. *Wilson v. Garcia*, 471 U.S. 261, 276-80 (1985). In Illinois, the two-year statute of limitations is borrowed and applied. 735 Ill. Comp. Stat. 5/13-202; *Dominquez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008). In prisoner litigation, there are two possible ways for the Court to alter the two-year limitation period. First, the running of the limitations period will be tolled while the prisoner completes an administrative grievance process. *Walker v. Sheahan*, 526 F.3d 973, 978 (7th Cir. 2008). Under certain circumstances, the limitations period may be equitably tolled. *Shropshear v. Corp. Counsel of the City of Chicago*, 275 F.3d 593, 595 (7th Cir. 2001)(the Court may excuse an untimely claim where, despite the exercise of due diligence, the plaintiff is unable to bring his claim in a timely manner). Butler's argument that he is not responsible for the filing delay is considered under the equitable tolling option.[1]

The information on file suggests that, after his encounter with Carter at the Marion County Jail, Butler was immediately transferred to Menard Correctional Center, where he was initially held in segregation. After he was released to general population, Butler's housing unit was locked down between May and July, 2011. In 2012, Butler conferred on several occasions with Bradd Brammlet, a library clerk, regarding state and federal litigation. In Butler's opinion, Brammlet "refused to properly, adequately, and efficiently process" his § 1983 pleading. At some point, Butler was temporarily transferred to the Cook County Jail. It appears that Butler was confined in Menard's segregation unit again in November, 2013, and that he was transferred to Pontiac Correctional Center in December, 2013. Butler signed his Amended Complaint while he was confined at Pontiac, on March 19, 2014 (Doc. No. 17).

---

[1] Butler's filings have been reviewed; there is no indication that he filed a grievance regarding Carter's conduct at the Marion County Jail.

-3-

The circumstances outlined above do not show that equitable tolling is appropriate. Butler's litigation hurdles (transfers, limited access to law library materials) are similar to those experienced by other inmates. His complaints about misconduct by Bradd Brammlet are not sufficiently particularized to support a finding that Brammlet prevented Butler from acting on his legal rights with respect to Carter's conduct at the Marion County Jail prior to the expiration of the limitations period. *See Obriecht v. Foster*, 727 F. 3d 744, 750-51 (7th Cir. 2013)(reasonable diligence is established with facts showing actual impairment as opposed to conclusory statements). Absent equitable tolling, the claim against Carter is barred.

Carter's motion to dismiss (Doc. No. 65) is GRANTED. Butler's claim against Bryan Carter (part of Count 2) is DISMISSED with prejudice.

**IT IS SO ORDERED.**

**DATED:** July 15, 2015

s/ Staci M. Yandle
**Staci M. Yandle
District Judge**